David D. VanSpeybroeck, OSB #954440
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
      Attorneys for Plaintiff


# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| **RUSSELL H. TODD**, in his capacity as personal representative for the Estate of Douglas H. Todd,<br><br>      Plaintiff,<br><br>v.<br><br>**METLIFE INSURANCE COMPANY USA**, a Delaware corporation,<br><br>      Defendant. | Case No. __1:15-cv-1323__<br><br>**COMPLAINT**<br>Breach of Contract (28 U.S.C. §1332)<br>DEMAND FOR JURY TRIAL |


On behalf of the Estate of Douglas H. Todd ("Estate"), and in his capacity as personal representative therefor, Plaintiff Russell H. Todd ("Plaintiff") alleges as follows:

## GENERAL ALLEGATIONS

1.

At all material times, Douglas H. Todd ("Decedent") was a citizen of the state of Oregon and domiciled in Klamath Falls, Oregon.

Page 1 – RUSSELL H. TODD'S COMPLAINT FOR BREACH OF CONTRACT

2.

Defendant MetLife Insurance Company USA ("Defendant") is a corporation duly organized, existing, and domiciled in the state of Delaware.  Its principal place of business is located in Charlotte, North Carolina.

3.

Defendant is a successor-in-interest to MetLife Insurance Company of Connecticut ("MICC"), which at all material times was a corporation duly organized, existing, and domiciled in the state of Connecticut.  MICC's principal place of business was located in Hartford, Connecticut.

4.

Travelers Insurance Company ("Travelers") originally provided Decedent with the life insurance policy at issue in this case.  Travelers subsequently merged with or was acquired by MICC.  Defendant has assumed MICC's contractual obligations to Decedent.

5.

Decedent died from cancer on January 13, 2015, in Klamath Falls, Oregon.

6.

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interests and costs.

7.

Venue in this Court is proper as Oregon has one District.

Page 2 – RUSSELL H. TODD'S COMPLAINT FOR BREACH OF CONTRACT

8.

Divisional venue is only proper in the Medford Division because Decedent was domiciled in Klamath County and a substantial portion of the events in this case took place in Klamath County.

## FIRST CAUSE OF ACTION

## COUNT ONE

## (Breach of Contract – Failure to Comply with Notice Provisions)

9.

Plaintiff reincorporates and realleges paragraphs 1-8 as though fully set forth herein.

10.

Years ago, Decedent obtained policy number 7400655 (the "Policy"), which provided $2,000,000 in life insurance coverage from Travelers.  As previously stated, Travelers subsequently merged with or was acquired by MICC.

11.

Decedent paid premiums on the Policy to MICC on a regular basis up until he was diagnosed with cancer.  At that time, Decedent was unable to conduct his normal business affairs because of his illness and/or treatment.

12.

During his illness, Decedent failed to make a payment on the Policy in or about October of 2014. At that time, MICC told Decedent that the Policy had lapsed effective October 18, 2013, because Decedent had failed to make a payment on the Policy in or about August of 2013.  Decedent, due to his illness, had stopped going to his office on a

Page 3 – RUSSELL H. TODD'S COMPLAINT FOR BREACH OF CONTRACT

regular basis and did not have any recollection of receiving a notice of past due payment or potential lapse.

13.

MICC failed to provide any notice of the Policy lapse to either the agent of record on the Policy, George Merhoff, or to Mr. Merhoff's employer, Merz Agency.

14.

Upon information and belief, Plaintiff believes that MICC failed to comply with the Policy's provisions regarding notice of potential or actual lapse to Decedent and/or Decedent's agent of record.[1]

15.

MICC's failure to provide proper notice of potential or actual lapse was a breach of the Policy.  As successor in interest to MICC, Defendant is liable for MICC's breach of the Policy.

16.

Because of MICC and Defendant's breach of the Policy's notice provisions, Plaintiff demands reinstatement of the Policy retroactive to October 18, 2013.

17.

Given the subsequent death of Decedent, Defendant is liable for $2,000,000 in life insurance coverage under the Policy, plus additional damages to be determined at trial.

/ / /

---

[1] Plaintiff reserves the right to amend this Complaint to add additional claims or to modify existing claims once Defendant provides Plaintiff with a copy of the Policy.

Page 4 – RUSSELL H. TODD'S COMPLAINT FOR BREACH OF CONTRACT

**FIRST CAUSE OF ACTION**

**COUNT TWO**

**(Breach of Contract – Failure to Provide Copy of Policy)**

18.

Plaintiff reincorporates and realleges paragraphs 9-17 as though fully set forth herein.

19.

Upon information and belief, the Policy requires that a copy of the Policy be provided to Decedent or to Decedent's authorized representative upon request.  Plaintiff is an authorized representative of Decedent.  Plaintiff has repeatedly requested a copy of the Policy from MICC and from Defendant.

20.

MICC and Defendant have refused to provide to Plaintiff a copy of the Policy.

21.

By refusing to provide Plaintiff with a copy of the Policy and thereby breaching the Policy, Defendant has damaged Plaintiff in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**(Violation of ORS 746.640)**

22.

Plaintiff reincorporates and realleges paragraphs 18-21 as though fully set forth herein.

/ / /

**/ / /**

Page 5 – RUSSELL H. TODD'S COMPLAINT FOR BREACH OF CONTRACT

23.

ORS 746.640 requires an insurer to produce to an individual a copy of any recorded personal information pertaining to the individual that is reasonably described by the individual and reasonably locatable and retrievable by the insurer.  A life insurance policy is recorded personal information within the meaning of the statute.

24.

Prior to his death, Decedent made a written request to MICC for a copy of the Policy.  The written request reasonably described the Policy, and the Policy was reasonably locatable and retrievable by MICC and/or Defendant.

25.

MICC and/or Defendant failed to provide Decedent with a copy of the Policy notwithstanding their statutory obligation to do so.

26.

ORS 746.680(1) entitles Plaintiff, as personal representative of Decedent's estate, to "appropriate equitable relief."  At a minimum, such relief requires Defendant to provide Plaintiff with a copy of the Policy.

27.

Plaintiff is entitled to his costs and attorney fees incurred in bringing this action pursuant to ORS 746.680(3).

**WHEREFORE**, Plaintiff prays for relief as follows:

1.     On Plaintiff's First Claim for Relief, Count One, for a judgment against Defendant that reinstates the Policy retroactive to October 18, 2013, and awards

Page 6 – RUSSELL H. TODD'S COMPLAINT FOR BREACH OF CONTRACT

Plaintiff the principal sum of $2,000,000, plus additional damages to be proven at trial, plus Plaintiff's costs and disbursements incurred herein;

2.    On Plaintiff's First Claim for Relief, Count Two, for a judgment against Defendant that awards Plaintiff damages in an amount to be determined at trial, plus Plaintiff's costs and disbursements incurred herein;

3.    On Plaintiff's Second Claim for Relief, for a judgment against Defendant stating that Defendant violated ORS 746.640;

4.    For an order requiring Defendant to deliver a certified copy of the Policy and awarding Plaintiff his attorney fees pursuant to ORS 746.680(3); and

5.    Such further relief that the Court may deem just and equitable.

DATED this 16th day of July, 2015.

SUSSMAN SHANK LLP


By _/s/ David D. VanSpeybroeck_
David D. VanSpeybroeck, OSB No. 954440
dvanspeybroeck@sussmanshank.com
Attorneys for Plaintiff

*23019-002/RUSSELL TODD PR ESTATE OF DOUGLAS TODD COMPLAINT V METLIFE RE BREACH OF CONTRACT (02143233);4

Page 7 – RUSSELL H. TODD'S COMPLAINT FOR BREACH OF CONTRACT